KENJI M. PRICE #10523
United States Attorney
District of Hawaii

MORGAN EARLY #10104
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Blvd., Box 50183
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
E-mail: morgan.early@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
Jul 14, 2020, 11:26 am
Michelle Rynne, Clerk of Court

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSEPH PAUL BRANCO,<br><br>Defendant. | MAG. NO. 20-00807 KJM<br><br>CRIMINAL COMPLAINT; AGENT AFFIDAVIT |

## CRIMINAL COMPLAINT

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief:

<u>Unlawful User of a Controlled Substance in Possession of a Firearm</u>
(18 U.S.C. §§ 922(g)(3) and 924(a)(2))

On or about May 20, 2018, within the District of Hawaii, JOSEPH PAUL BRANCO, the defendant, was an unlawful user of a controlled substance as defined in 21 U.S.C. § 802, specifically, methamphetamine, and knowing that he was an unlawful user of methamphetamine, did knowingly possess a firearm, that is, a Ruger, Model P90, .45 ACP caliber pistol, said firearm having been shipped and transported in interstate and foreign commerce to Hawaii.

All in violation of Title 18, United States Code, Sections 922(g)(3) and 924(a)(2).

//
//
//
//
//
//
//
//
//

//

I further state that I am a Special Agent of the Department of Homeland Security, Homeland Security Investigations (HSI), and that this Complaint is based upon the facts set forth in the following affidavit, which is attached hereto and made part of this Complaint by reference.

Ryan K. Faulkner, Special Agent
Homeland Security Investigations

Sworn to under oath before me telephonically, and attestation acknowledged pursuant to Federal Rule of Criminal Procedure 4.1(b)(2), on this __14th__ day of July, 2020, at Honolulu, Hawaii.



Kenneth J. Mansfield
United States Magistrate Judge

3

THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) MAG. NO. 20-00807 KJM |
| Plaintiff, | ) <br> ) AGENT AFFIDAVIT |
| v. | ) |
| JOSEPH PAUL BRANCO, | ) |
| Defendant. | ) |

## AGENT AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief.

## BACKGROUND

1. I am currently employed as a Special Agent of U.S. Immigration and Customs Enforcement, Homeland Security Investigations ("HSI"). I was formerly employed as a Police Officer with the Honolulu Police Department ("HPD"). The duration of my employment with HPD lasted from October 1997 through February 2007. As part of my employment with HPD, I have received approximately six months of comprehensive training in general matters pertaining to law enforcement in the State of Hawaii.

2. As a part of my employment with HPD, I held various investigative assignments with the Narcotics/Vice Division, Crime Reduction Unit, Criminal Investigations Division, and Criminal Intelligence Unit. As part of these assignments, I obtained specific training in the recognition of various types of narcotics, and the various methods of narcotics distribution as well as different methods used to smuggle narcotics and related proceeds of narcotics trafficking without detection.

3. I have been employed as a Special Agent with HSI for approximately thirteen (13) years. As part of my employment with HSI, I attended approximately five and a half months of comprehensive law enforcement and investigative training at the Federal Law Enforcement Training Center ("FLETC"). The training successfully completed at the FLETC included, but was not limited to, general investigative techniques, criminal law, immigration law, handling of evidence, narcotics detection and identification, trends in smuggling of contraband, among other topics.

4. As a HSI Special Agent, my duties and responsibilities include investigation of possible criminal violations of narcotics trafficking (Title 21, United States Code, Section 841 et. seq.), the Money Laundering Control Act (Title 18, United States Code, Section 1956 et. seq.), firearms offenses (Title 18,

2

United States Code Section 922 et. seq.). As a former Officer with HPD and current Special Agent, I have conducted and assisted in more than three hundred (300) investigations involving narcotics trafficking and firearms crimes specified above.

5.  I submit this affidavit in support of a Criminal Complaint for JOSEPH PAUL BRANCO, for violation 18 U.S.C. §§ 922(g)(3) and 924(a)(2). The information contained herein is based on my personal knowledge and my training and experience, information obtained from other law enforcement personnel, and witnesses. This affidavit is intended merely to show that there is probable cause for the requested arrest warrant and does not set forth all of my knowledge about this matter. Statements from persons or witnesses herein are not set forth verbatim but are reported here in part.

## **PROBABLE CAUSE**

6.  On or about May 20, 2018, an officer with the Hawaii County Police Department ("HCPD") (referred to herein as "Officer-1"), was conducting checks in the Puna District of the Island of Hawaii in the neighborhoods of Mountain View and Volcano, due to recent burglaries in the area. One of the vehicles suspected in the burglaries was described as a silver Toyota truck. While driving that day, Officer-1 observed a silver Toyota truck ("the Vehicle") moving at a high

rate of speed in the general direction of Hilo. Officer-1 proceeded to follow the Vehicle, but was unable to follow it fast enough to catch up to it. While trying to locate the Vehicle, Officer-1 was flagged down by bystanders who seemed to indicate that the speeding truck had driven down a nearby trail. The bystanders motioned to the direction of that trail. Officer-1 requested the assistance of fellow officers, then proceeded to the start of the trail, which led to a property off Pikake Street ("the Property"). Officer-1 observed fresh tire tracks along the trail and waited before proceeding further. When other HCPD officers arrived to assist at the scene, two of those officers walked up the trail to try and make contact with the residents on the Property. One of these assisting officers was Officer-2.

7. Officer-2 proceeded down the trail towards the Property on foot with another officer to make contact with the residents. Officer-2 reported that while approaching the Property, he observed a silver-colored Toyota Tacoma (the Vehicle) with no front license plate, with its front bumper facing the officers. Officer-2 observed a sole male occupant, later determined to be Joseph Paul BRANCO sitting in the driver's seat, and having a conversation with another adult male who is standing nearby. Officer-2 instructed the man seated in the Vehicle, "Stop! Police!" BRANCO disregarded this instruction, operated the Vehicle away

from the Property, and accelerated it towards the start of the trail where Officer 1 was standing.

8.  Meanwhile, Officer-1 heard someone shout "Stop! Police!" He then heard an engine start. Officer-1 started walking along the trail, towards where he heard the shouting. Officer-1 observed the Vehicle traveling toward him at a high rate of speed, with no sign of stopping. To defend himself, Officer-1 drew his firearm and fired it at the Vehicle, hitting the windshield but not the driver. When the Vehicle came to a stop, BRANCO exited the driver's side and surrendered to police. Officer-1 observed BRANCO to be the sole occupant of the Vehicle.

9.  The Vehicle was later determined to have been stolen. In addition, the officers confirmed there were outstanding bench warrants for BRANCO. BRANCO was arrested at the scene.

10. Immediately following BRANCO's arrest, officers standing outside the Vehicle were able to observe the interior of the Vehicle through the open front driver's side window, and observed two firearms inside, described as one handgun and one rifle. The handgun was upside down in the middle of the center console, and the rifle was next to the center console near the front passenger compartment. Officers obtained a search warrant to enter the Vehicle and take possession of the

firearms. During the search of the Vehicle on May 21, 2018, the following items were recovered:

    a. One silver colored Ruger Pistol, Model P90, .45 ACP caliber (with obliterated serial number)

    b. One Winchester Model 94 30-30 caliber, lever action rifle with wooden stock, serial #5076473

    c. Multiple rounds of various caliber ammunition discovered within various locations of the Vehicle's interior;

    d. A blue colored Quiksilver backpack that was situated near the center console of the Vehicle which contained, in part, multiple ziplock type baggies containing various quantities of a white crystalline substance weighing a total of 48 grams, which field tested positive for the presence of methamphetamine. Based on my training and experience, I know drugs packaged in this quantity and manner are consistent with drug distribution;

    e. A glass smoking pipe with bulbous end containing burnt white frost-like residue, within the Quiksilver backpack. Based on my training and experience, I know that this type of glass smoking pipe is commonly used to smoke methamphetamine in its vapor form.

11. On May 21, 2018, two HCPD detectives conducted a recorded interview of BRANCO at the Hilo Police Station. I have reviewed this interview, which included a discussion about BRANCO's regular use of methamphetamine. The detective asks a question about the day BRANCO was arrested:

Detective: "Maybe you was high that day"

BRANCO: "Eh I high every day"

> Detective: "So you smoke meth"
>
> BRANCO: "I smoke meth"
>
> Detective: "Everyday?"
>
> BRANCO: "Everyday. Everyday. I try to at least... I try to. It's kind of expensive."

12. During the same interview, when BRANCO was asked about the firearms that were recovered from within the Vehicle, BRANCO stated that nothing in the Vehicle belonged to him. When specifically asked about the pistol found in the center console of the Vehicle, BRANCO responded, "I just went jumped in the car to run away from you guys."

13. On or about May 21, 2018, the methamphetamine seized from within the Quiksilver backpack (found in the passenger compartment of the Vehicle) was weighed and determined to be approximately 48 grams. The substance was field tested, which resulted in a presumptive positive result for methamphetamine.

14. On or about May 5, 2020, Alcohol, Tobacco, and Firearms ("ATF") SA Christopher Tuitele examined the photographs of the Ruger Model P90, .45 ACP caliber pistol seized from the center console of the Vehicle. Based on his specialized interstate nexus training and experience, SA Tuitele determined that the firearm was manufactured outside the State of Hawaii. Because the firearm was

7

manufactured outside the State of Hawaii, it was necessarily shipped or transported in interstate or foreign commerce.

//

//

//

//

//

//

Based on the facts described herein, I submit there is probable cause to arrest JOSEPH PAUL BRANCO for violation of Title 18, United States Code, Sections 922(g)(3) and 924(a).

FURTHER AFFIANT SAYETH NAUGHT.

Ryan K. Faulkner
Special Agent
Homeland Security Investigations

This Criminal Complaint and Affidavit in support thereof were presented to, approved by, and probable cause to believe that the defendant above-named committed the charged crime found to exist by the undersigned Judicial Officer at  11:25 a.m. on July  14 , 2020.

Sworn to under oath before me telephonically, and attestation acknowledged pursuant to Federal Rule of Criminal Procedure 4.1(b)(2), on this  14th day of July, 2020, at Honolulu, Hawaii.

Kenneth J. Mansfield
United States Magistrate Judge